AF Approval _____        Chief Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO. 8:16-cr-517-T-33AEP

SHAUNA MARYANN BOSELLI

## AMENDED PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

W. Stephen Muldrow, Acting United States Attorney for the Middle District

of Florida, and the defendant, SHAUNA MARYANN BOSELLI, and the

attorney for the defendant, Stephen M. Crawford, mutually agree as follows:

**A.    Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment. Count One charges the defendant with enticement of a minor, in

violation of 18 U.S.C. § 2422(b).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 10 years up to life, a fine of $250,000.00, a term of supervised

release of at least five years up to life, and a special assessment of $100.00.

With respect to certain offenses, the Court shall order the defendant to make

Defendant's Initials _____

restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      The defendant knowingly persuaded, induced, enticed, or coerced the victim to engage in sexual activity, as charged;

Second:   The defendant used a computer to do so;

Third:     When the defendant did these acts, the victim was less than 18 years old; and

<u>Fourth</u>:      One or more of the individual(s) engaging in the sexual
activity could have been charged with a criminal offense
under the law of Florida.

4.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

5.    <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to

make full restitution to the child victim.

6.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the

defendant's applicable guidelines range as determined by the Court pursuant

to the United States Sentencing Guidelines, as adjusted by any departure the

United States has agreed to recommend in this plea agreement.  The parties

understand that such a recommendation is not binding on the Court and that,

if it is not accepted by this Court, neither the United States nor the defendant

will be allowed to withdraw from the plea agreement, and the defendant will

not be allowed to withdraw from the plea of guilty.

    7.   <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will not oppose the defendant's request to the Court that the

defendant receive a two-level downward adjustment for acceptance of

responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that

this recommendation or request is not binding on the Court, and if not

accepted by the Court, the defendant will not be allowed to withdraw from the

plea.

Further, at the time of sentencing, if the defendant's offense level

prior to operation of subsection (a) is level 16 or greater, and if the defendant

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea

Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.5., the United States agrees to file a motion

pursuant to USSG §3E1.1(b) for a downward adjustment of one additional

level.  The defendant understands that the determination as to whether the

defendant has qualified for a downward adjustment of a third level for

acceptance of responsibility rests solely with the United States Attorney for the

Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida, and

the defendant agrees that defendant cannot and will not challenge that

determination, whether by appeal, collateral attack, or otherwise.

     9.   <u>Use of Information - Section 1B1.8</u>

       Pursuant to USSG §1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the

course of defendant's cooperation and pursuant to this agreement shall be used

in determining the applicable sentencing guideline range, subject to the

restrictions and limitations set forth in USSG §1B1.8(b).

     10.   <u>Cooperation - Responsibilities of Parties</u>

      a.   The government will make known to the Court and other

relevant authorities the nature and extent of defendant's cooperation and any

other mitigating circumstances indicative of the defendant's rehabilitative

Defendant's Initials _____       6

intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

   b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

   (1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

   (2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges

Defendant's Initials _____   7

now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by rescission of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books,

papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 2428(b) and 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following assets which were used to commit and to facilitate the commission of the offense to which the defendant is pleading to:

1.     LG GSM cellphone, D820 Nexus 5, with Android identification number f886824f1fb40ddc;

2.     Red 2013 Nissan Juke with Florida license plate number 879YHA and VIN JN8AF5MR7DT212234; and

Defendant's Initials _____     9

3.    Single family residence located at 8202 Downfield Lane, Tampa, FL 33615, folio number 005231-6616, which assets were used in the commission of the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.

The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant

may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

12. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest she has in the

computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: LG GSM cellphone, D820 Nexus 5, with Android identification number f886824f1fb40ddc.

13.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a

student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

  5. <u>Financial Disclosures</u>

   Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    6.   <u>Sentencing Recommendations</u>

        It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the

Defendant's Initials _____          18

government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____        19

8.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or

in camera, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon

any discussions between the attorney for the government and the defendant

and defendant's attorney and without promise of benefit of any kind (other

than the concessions contained herein), and without threats, force,

intimidation, or coercion of any kind.  The defendant further acknowledges

defendant's understanding of the nature of the offense or offenses to which

defendant is pleading guilty and the elements thereof, including the penalties

provided by law, and defendant's complete satisfaction with the representation

and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies and hereby admits that the facts set forth below

Defendant's Initials ⟋⟋⟋⟋⟋                    21

are true, and were this case to go to trial, the United States would be able to

prove those specific facts and others beyond a reasonable doubt.

## FACTS

On or about November 29, 2016, Homeland Security Investigations

("HSI") Orlando executed a federal search warrant at the residence of Jamie

Esposito ("Esposito"). During the execution of the search warrant, Esposito

admitted that he had used numerous online accounts to communicate with

individuals interested in sexual exploitation of children.

Esposito admitted that on or about July 11, 2016, the defendant,

Shauna Maryann Boselli, and/or her husband and co-defendant Richmond

McDonald, using Kik username "RjM337" and display name "Tampa Couple

337," began an online conversation with Esposito on Kik messenger. Esposito

admitted that he had used Kik to engage in sexually explicit conversations

involving his 7-year-old daughter ("child victim") with a man known to him as

"RJ," a/k/a Richmond McDonald, and McDonald's wife, known to him as

"Shauna," a/k/a Shauna Boselli. Esposito admitted that he had met "Tampa

Couple 337" on Motherless.com and travelled, with the child victim, to

Tampa in July 2016 so that McDonald and the defendant could engage in

sexual activity with the child victim.

Between July 11 and July 19, 2016, McDonald and Esposito exchanged intermittent messages through Kik and texts. Throughout the communications, McDonald and Esposito referred to the defendant as "S" and the child victim as "tiger," and said that the child victim would gravitate toward the defendant and copy what the defendant did sexually. The following is an excerpt of some of the Kik conversations that McDonald had with Esposito regarding the child victim:

7/11/2016

ESPOSITO: She won't be wearing panties when we meet
ESPOSITO: Or maybe her and S can go to the bathroom together and tale them off as a treat
ESPOSITO: Take
ESPOSITO: Lol
…

7/12/2016

Tampa Couple 337: We are not going to push anything
Tampa Couple 337: Or be hardcore crazy

…

ESPOSITO: I made a hotel reservation for July 19th west of Tampa

Tampa Couple 337: Nice
…

7/16/2016

ESPOSITO: I understand that.. we hold each other's security.. I promise
I'm being restrictive. Paranoid even.

Tampa Couple 337: When we meet, her and I will be nervous, and we
will behave and let her make the move toward comfort…
ESPOSITO: Honestly if all we ever do is run around having fun and talk
or get something to eat, I'm not worried. This is a lifelong friendship and
I'm in no hurry. Everyone will need to find their comfort level
ESPOSITO: What will happen though is she'll be shy at first and will
gravitate/copy S…she seems to idolizes her
ESPOSITO: Cause she's like a princess lol
ESPOSITO: I think my S wants to grow up to be like your S
…

7/17/2016

ESPOSITO: Getting excited!
McDonald: That's great

7/19/2016

ESPOSITO: Your hard dick in my daughter's warm mouth
ESPOSITO: Lol in my fantasy at least

Tampa Couple 337: Cute
Tampa Couple 337: And sexy

ESPOSITO: No, what I have in mind is us having a great day playing at
the zoo and your back yard
ESPOSITO: No time idea yet
ESPOSITO: Will S be wearing panties?

Tampa Couple 337: Probably

Defendant's Initials           24

Tampa Couple 337: Female thing

ESPOSITO: Indeed, indeed.
ESPOSITO: Maybe she could get tiger to take hers off mid zoo. I'm a little drunk so I shouldn't theorize too much..but you can imagine them coming back from the bathroom together and presenting them to us?

Tampa Couple 337: Lol, is hot at the zoo
Tampa Couple 337: They can run around naked later, being a nudest is legal

ESPOSITO: That'll be SO cute!!

Tampa Couple 337: We mostly need to see if we all have chemistry

ESPOSITO: Aw man I am so excited. This is gonna be great memories.

Tampa Couple 337: I hope so
Tampa Couple 337: Can you send us any photos tonight?
Tampa Couple 337: S is nervous, but excited
Tampa Couple 337: We will be passive until all of us feel comfortable

ESPOSITO: Sure! But don't worry...theres nothing to be nervous about. We're going to do what everyone will have the most fun doing. If nothing happens it's because we'll know the feeling isn't right

Tampa Couple 337: I'm excited

ESPOSITO: Us too! She keeps asking

Tampa Couple 337: Ideally, I want to be her uncle or God father so to speak

Esposito then sent a video depicting the child victim behind what appeared to
be an adult shoulder. In the video, the child victim waves at the camera, says
hello and that she is excited. Esposito responded to McDonald's previous
message saying that the child victim would adore McDonald as an uncle or
Godfather-like figure. Esposito and McDonald continued to exchange Kik
messages stating the following:

> ESPOSITO: Let's just enjoy ourselves and let the moment develop
> naturally
> ESPOSITO: Break the ice at the zoo..don't force anything..and by the
> time we get to the house you'll be her idols.
>
> Tampa Couple 337: I am sure
> Tampa Couple 337: That was all cute

At this point, McDonald sent Esposito a video depicting McDonald and the
defendant. In the video, the defendant waves to the camera and says, "hi, I can't
wait to meet you." Then, McDonald and the defendant turn to each other and
kiss. Esposito responded stating that the child victim loved the video and then
sent a picture of the child victim holding a child's toy. Esposito sent another
picture to McDonald and the defendant of the child victim lying in a bed holding
a stuffed animal. McDonald responded to the pictures with the following
messages:

> Tampa Couple 337: Aww, we adore her.
>
> ESPOSITO: We think you guys are the best

Tampa Couple 337: Very happy
Tampa Couple 337: Look forward to being long term friends

ESPOSITO: Me too for sure

On July 19, 2016, Esposito took the child victim to Tampa to meet

McDonald and the defendant for the purpose of all three of them engaging in

sex acts with the child victim. Esposito took the child victim to Lowry Park Zoo

in Tampa, where they met with McDonald and the defendant. After spending

time at the zoo and taking the child victim for ice cream, McDonald and the

defendant led Esposito and the child victim to their house in Tampa. While at

the house, McDonald performed oral sex on the child victim while Esposito

watched. Afterward, Esposito and the child victim returned to their hotel in

Tampa.

The next morning, McDonald and the defendant went to the hotel and

met with Esposito and the child victim. They all went swimming with the child

victim and then returned to the hotel room. While in the hotel room, the

defendant performed oral sex on the child victim and vaginally penetrated the

child victim with an object. ~~McDonald and~~ The defendant ~~both~~ performed oral

McDonald
sex on ~~Esposito~~ with the child victim in the room. The defendant showed the

child victim how the defendant performs oral sex.



Law-enforcement officers also conducted a forensic interview of the child

victim. Among other things, the child victim disclosed the following: that her

father, Esposito, had been sexually abusing her for a while; that he had taken her to Tampa to meet his friends, whom she had known as "RJ" and "Shauna;" and that they all had gone to the zoo, to get ice cream, and then to McDonald and the defendant's house. The child victim also stated that McDonald and the defendant had come to the hotel and penetrated her with a sex toy while her father, Esposito, watched. The child victim further disclosed that either McDonald or the defendant had put his or her mouth on the child victim's vaginal area, and that McDonald's penis had touched the child victim's vagina.

On November 30, 2016, HSI agents executed a federal search warrant at the defendant's residence, located at 8202 Downfield Lane, Tampa, Florida 33615. Agents seized numerous electronic devices, including but not limited to, a Gateway desktop computer, tablets, external storage devices, McDonald's and the defendant's cellular phones, and McDonald's and the defendant's vehicle—a red Nissan Juke.

HSI conducted a forensic analysis on all of the devices seized pursuant to federal search warrants at Esposito's residence and the defendant's residence. Agents found pictures on Esposito's electronic devices of McDonald, the defendant, Esposito, and the child victim at the zoo, the ice cream store, and the

hotel. At least one of the pictures found depicts the defendant vaginally penetrating the child victim with an object in the hotel room.

Post-*Miranda*, the defendant admitted that she and McDonald met Esposito and engaged in sexual activity with the child victim. The defendant admitted that, prior to Esposito visiting with the child victim, she had spoken to Esposito and the child victim via Skype. In a video sent to Esposito, the defendant told the child victim that she was excited to meet her. The defendant admitted to performing oral sex on McDonald while talking to Esposito on Skype. She admitted that the child victim was likely in the room with Esposito when she performed oral sex on McDonald even though she did not see the child victim on Skype.

The defendant admitted that she and McDonald met Esposito and the child victim at Lowry Park Zoo in July 2016. After they left the zoo, they all went to get ice cream, and then she and McDonald invited Esposito and the child victim back to their house. The child victim started asking questions relating to sexual activities and the defendant allowed the child victim to touch her breasts. She further stated that McDonald had performed oral sex on the defendant in the presence of the child victim to show the child victim what it looked like. The defendant also performed oral sex on McDonald in the presence of the child victim. Esposito sat on the living room couch and

Defendant's Initials _____          29

watched as McDonald performed oral sex on the child victim. The defendant also performed oral sex on the child victim. The following day, the defendant and McDonald met Esposito and the child victim at their hotel, where McDonald again performed oral sex on the child victim. Based on the defendant's sexual conduct with the child victim, the defendant could have been charged with a criminal offense under Florida law.

The defendant and McDonald used their red Nissan Juke, with Florida license plate 879YHA, to travel to and from the zoo and to Esposito's hotel.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 24th day of April , 2017.

W. STEPHEN MULDROW
Acting United States Attorney

Shauna Maryann Boselli
Defendant

Lisa M. Thelwell
Assistant United States Attorney

Stephen M. Crawford
Attorney for Defendant

FOR: Stacie B. Harris
Assistant United States Attorney
Chief, Major Crimes Section